WAGNER, Senior Judge,
dissenting:
Viewing the evidence “ ‘in the light most favorable to government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact ...,’” as we must, the evidence was sufficient to sustain appellant’s convictions. Moore v. United States, 927 A.2d 1040, 1049 (D.C.2007) (quoting Curry v. United States, 520 A.2d 255, 263 (D.C.1987)) (restating our oft repeated standard of review for testing evi-dentiary sufficiency). Only by crediting evidence and making inferences that the jury apparently rejected in this case can the majority conclude otherwise. Such an analysis is inconsistent with our well-estab *513 lished precedents. Although true, as the majority states, that in applying our familiar standard, courts have recognized that “we must consider all of the evidence including that favorable to the defendant,” the principle remains that “the government is entitled to all reasonable inferences.” United States v. Rapone, 327 U.S.App. D.C. 338, 347, 131 F.3d 188, 197 (1997) (Silberman, J., concurring) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for the proposition that “upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution”). Further, while recognizing that the reviewing court must consider “the evidence taken as a whole, including that offered by the defendant,” in United States v. Grey Bear, cited by the majority, the court also made clear that it is the jury’s province to make credibility determinations and resolve evi-dentiary conflicts that in turn are viewed in the light most favorable to the government. 828 F.2d 1286, 1292 (8th Cir.1987), vacated in part on other grounds, 836 F.2d 1088 (8th Cir.1987). Put another way, “[i]n general, a sufficiency challenge is to be evaluated in light of all the evidence adduced at trial, including any inculpatory evidence presented in the defense case, even if the government’s evidence by itself would have been insufficient to sustain the conviction.” Moore, supra, 927 A.2d at 1049 (emphasis added). As this court has stated repeatedly, “[w]e must deem the proof of guilt sufficient if, ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Id. (emphasis in original) (quoting Rivas v. United States, 783 A.2d 125, 134 (D.C. 2001)) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). When these well-established principles are applied to the facts of the present case, it is clear that the evidence was sufficient for a reasonable juror to find that appellant constructively possessed the handgun and ammunition that the police found in a dresser drawer inside his residence where he was shown to be engaged in a drug operation.
Briefly stated, in the light most favorable to the government, the evidence showed that appellant actually resided in the two-bedroom apartment where the contraband was found.[1] The jury may infer that “a person exercises constructive possession over items found in his home” and that, although not as strong, the inference applies even when the person shares the premises with another. See Moore, supra, 927 A.2d at 1050 (citation omitted). At 7:00 a.m., when the police entered the smaller bedroom where the testimony showed appellant had slept the night before, he was standing in his underwear in close proximity to the dresser where the weapon and ammunition were found. There was testimony that appellant’s fian-ceé and the child slept in the larger front bedroom and that the closet in that room contained only women’s and children’s clothing, while the smaller bedroom contained men’s clothing. Later, a police detective retrieved a shirt and pants from the back bedroom that appellant, a remarkably large person, put on. When the police found appellant, he was facing away and appeared to be hiding something. When he complied with an order to show his hands, appellant dropped a man’s white shoe that contained fifty-three green zip-lock bags filled with a substance later determined to be crack cocaine. See Smith *514 v. United States, 899 A.2d 119, 122 (D.C. 2006) (holding that additional evidence that can prove the knowledge and intent elements of constructive possession includes “evidence linking the accused to an ongoing criminal operation of which possession is a part,” attempts to hide evidence, and other actions showing consciousness of guilt). A digital scale was on the windowsill in plain view. The weapon and ammunition were found in a dresser drawer in that room, along with numerous empty, pink zip-lock bags. An expert witness testified that drugs and guns are often found together and that some drug dealers use firearms to protect themselves from robbers. He also testified about the packaging of illegal drugs in small, plastic ziplock bags, the use of a particular color of zi-plock to identify the “brand” of drugs, and the use of digital scales by drug dealers to weigh drugs for sale. From this evidence, it was reasonable for the jury to conclude that appellant was engaged in an illegal drug operation of which possession of the weapon and ammunition were a part. See Guishard v. United States, 669 A.2d 1306, 1313 (D.C.1995) (holding that, although not in plain view, the proximity of the gun in the room where defendants sold drugs was sufficient to permit the jury to infer they had convenient access and thus dominion and control over the weapon so as to establish constructive possession.) As the cited cases show, we have held evidence like that presented in this case to be sufficient to prove that a defendant had constructive possession of a weapon and ammunition. See, e.g., Guishard, supra, 669 A.2d at 1313.
Although Ms. Mason testified that appellant usually slept on the couch, that her nephew resided in the apartment, that except for the night before the raid the nephew usually slept in the back bedroom, that the wallet in the bedroom and clothing in the bedroom drawer belonged to her nephew, and that a drug dealer had brought a gun into the apartment, the jury was not required to credit this evidence. In assessing credibility, the jury is allowed to consider, among other things, whether a witness has any motive for not telling the truth and whether there are inconsistencies between the witness’ testimony and other evidence in the case. In that connection, the jury was allowed to consider here that Ms. Mason’s relationship with appellant might have given her a motive to provide him with exculpatory testimony. Further, her testimony that appellant stored his clothing in the front bedroom was inconsistent with Detective Quigley’s testimony that she observed only female and a child’s clothing in that closet, a matter that the jury could consider in deciding the extent to which to believe the witness. Given the jury’s verdict, it is apparent that the jurors chose not to credit some of the evidence that might have been favorable to appellant and to infer from other credible evidence that appellant was linked to the weapon and ammunition found in the drawer.
In challenges to evidentiary sufficiency, our standard of review requires us to view the evidence in the light most favorable to the government and to give “full play” to the right of the jury to determine the credibility of the witnesses, to weigh the evidence, to resolve any conflicts in the evidence, and to draw from the proven facts such reasonable inferences as the jury deems appropriate. See Moore, supra, 927 A.2d at 1049 (citing Curry, supra, 520 A.2d at 263). Applying that standard to the evidence in this case, a rational fact finder could find the essential elements of the offenses of conviction beyond a reasonable doubt. See id. Even if Ms. Mason’s nephew and the other man named in the search warrant who were found hiding on a ledge outside the apartment’s back door *515 were also involved in the drug operation, the evidence was still sufficient to show that appellant possessed the weapon either solely or jointly with others. See Guishard, supra, 669 A.2d at 1313 (holding that “circumstantial evidence linking both appellants” to the gun hidden in a drawer “as well as to the drugs and other contraband found in the [shared] apartment” was sufficient to establish constructive possession).
For the foregoing reasons, I respectfully dissent from the opinion of the court.

. Appellant’s fianceé, Valene Mason, testified that she lived in the apartment with appellant and their young daughter. A video taken of the apartment showed a family photograph of appellant, a woman, and child on the living room wall.